34 So.2d 598

## OPINION OF THE JUSTICES.

### No. 87.

Supreme Court of Alabama.

April 1, 1948.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Title 13, § 34, as to whether an amendatory Act of the Legislature, requiring presidential electors to cast their ballots for the nominee of the national convention of the party by which they were elected, is violative of constitutional provisions.

"To the Chief Justice and Associate Justices of the Supreme Court of Alabama

"Judicial Building

"Montgomery, Alabama

"Sirs:

"Your written opinion on the following important constitutional questions is requested:

"1. Does Act No. 386, S. 46, approved July 7, 1945 (General Acts, 1945, p. 605) entitled 'An Act to amend Section 226 of Title 17 of the 1940 Code of Alabama' violate any provision of Article II of the Constitution of U. S. or Article XII of the Amendments of the Constitution of the United States?

"2. Did the matter inserted in Section 226 of Title 17 of the 1940 Code by said amendatory Act No. 386 constitute such a departure from the subject of the statute before amendment as to render Act No. 386 unconstitutional as violative of Section 45 of the Constitution of Alabama?

"3. In view of the fact that presidential electors are not elected by political parties, would an elector chosen at the general election in November 1948 have a discretion as to the persons for whom he could cast his ballot for President and Vice President?

400

"4. If a presidential elector chosen at the general election in November 1948 should cast his ballot for a person for President or Vice President who was not the nominee of the national convention of the party by which the elector was elected, would the elector's ballot so cast be a legal vote for the person or persons for whom it was voted?

"5. Is said Act No. 386 so ambiguous, indefinite, and uncertain as to be invalid because it is incapable of enforcement?

"Very Respectfully

"James E. Folsom

"Governor of Alabama"

Gessner T. McCorvey and McCorvey, Turner, Rogers Johnston & Adams, George S. Taylor and Samuel M. Johnston, all of Mobile, Wilkinson & Skinner, Borden Burr, Frank M. Dixon and Bowers, Dixon & Dunn, all of Birmingham, Julian Harris, Norman W. Harris, Russell W. Lynne, Philip Shanks, Jr., John A. Caddell, Charles H. Eyster, Noble J. Russell, Melvin Hutson and S. A. Lynne, all of Decatur, J. B. Blackburn, of Bay Minette, Rushton, Stakely & Johnston, of Montgomery, W. Howell Morrow, of Lanett, and John E. Adams and Adams & Gillmore, all of Grove Hill, filed briefs, amicus curiae, asserting the invalidity of the Act.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., filed brief, amicus curiae, in support of the validity of the Act.

To the Governor of Alabama

State Capitol

Montgomery, Alabama.

Dear Sir:

We acknowledge receipt of your communication of March 23rd in which you request our written opinion on certain constitutional questions in connection with Act No. 386, S. 46, approved July 7, 1945, General Acts 1945, p. 605, entitled, "An Act to amend Section 226 of Title 17 of the 1940 Code of Alabama." In our opinion the attempted amendment is violative of the Federal Constitution.

Section 226, Title 17, Code of 1940, is as follows:

"The electors of president and vice-president are to assemble at the office of the secretary of state, at the seat of government at twelve o'clock noon on the second Tuesday in December next after their election, or at that hour on such other day as may be fixed by congress, to elect such president and vice-president, and those of them present at that hour must at once proceed by ballot and plurality of votes to supply the places of those who fail to attend on that day and hour."

By the aforesaid act, § 226 was sought to be amended by adding the following words at the end of the section:

"and shall cast their ballots for the nominee of the national convention of the party by which they were elected."

The Constitution of the United States, Article II, § 1, clauses 2 and 3, says:

"Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

"The Congress may determine the Time of choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States."

And the Twelfth Amendment says:

"The Electors shall meet in their respective states, and vote by ballot for President and Vice-President * * *."

The language of the Federal Constitution clearly shows that it was the intention of the framers of the Federal Constitution that the electors chosen for the several states would exercise their judgment and discretion in the performance of their duty in the election of the president and vice-president and in determining the individuals for whom they would cast the electoral votes of the states. History supports this interpretation without controversy. The Federalist, Vol. II, p. 35; Story on the Constitution, 5th Ed., Vol. 2, p. 318; The World Book Encyclopedia, Vol. 5, p. 2246; The Laws of the American Constitution by Burdick, § 25.

There is no doubt that the appointment and mode of appointment of electors belongs exclusively to the state under the Constitution of the United States. McPherson v. Blacker, 146 U.S. 1, 13 S.Ct. 3, 36 L. Ed. 869. But a study of the aforesaid constitutional provisions also shows that the action of the electors in casting their votes by ballot is governed by the Federal Constitution. It is true that there has grown up a practice under which electors have felt duty bound by virtue of their own consciences to vote for the nominees of the party that nominates them for election and such electors in casting their ballots· have felt influenced by the plans and purposes of the party to which they belong. But this course of action has followed their own personal regard for what was their duty and not some statutory mandate. The elector is a constitutional officer and the words used in the original constitution and the amendment thereof show that he is to follow his own judgment and discretion. It is a far cry from letting that judgment and discretion be controlled by his concientious regard for the way in which he should cast his ballot to requiring by statute that his vote must be cast in a particular way regardless of his own discretion.

As supporting the view here expressed that the vote of this constitutional officer cannot be directed by statute, the deficiencies in the amendment to the statute before us are worthy of note. It may be observed that no presidential elector is elected by any political party but is elected by all of the electors of the state in the general. election in November. The amendment of the act before us does not refer to the party by which the electors were nominated but refers to the party by which they were elected. Of course, the presidential electors are not elected by any political party but are elected by the people as a whole. Other deficiencies in the act could be pointed out as for example no one elected at the general election as an elector could function unless he belonged to some political party which had held a national convention and had a nominee for that office. The legislature cannot thus restrict the right of a duly elected elector.

When the legislature has provided for the appointment of electors its powers and functions have ended. If and when it attempts to go further and dictate to the electors the choice which they must make for president and vice-president, it has invaded the field set apart to the electors by the Constitution of the United States, and such action cannot stand. In view of what has been said, it is not necessary to consider § 45 of the Constitution of Alabama and no further reply is needed.

Respectfully submitted,
LUCIEN D. GARDNER,
Chief Justice.
JOEL B. BROWN,
ARTHUR B. FOSTER,
J. ED LIVINGSTON,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
Associate Justices